# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Patricia S. Reed, Commissioner, West Virginia Department of Motor Vehicles, Respondent Below, Petitioner**

**vs) No. 14-0346** (Kanawha County 13-AA-61)

**Ronald W. Craig, Petitioner Below, Respondent**

**FILED**

May 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Patricia S. Reed[1], Commissioner, West Virginia Department of Motor Vehicles, ("DMV"), by counsel, Janet E. James, appeals the order of the Circuit Court of Kanawha County, entered on March 14, 2014, affirming the April 16, 2013, final order of the Office of Administrative Hearings ("OAH"). The OAH reversed the revocation of petitioner's license to drive upon finding that petitioner failed to establish that respondent drove a motor vehicle while under the influence of controlled substances, or that respondent refused to submit to a secondary chemical test of the breath. Respondent, Ronald W. Craig, by counsel David R. Pence and Carter Zerbe, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. Upon consideration of the standards of review, this Court finds no substantial question of law, and finds that the circuit court was clearly wrong in its decision. The record establishes that petitioner did not receive an administrative hearing on his appeal of the revocation of his driver's license. For this reason, a memorandum decision reversing the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 3, 2010, respondent was stopped by Kanawha County Sheriff Deputy J.A. Ferrell after Deputy Ferrell observed respondent swerving, speeding, and crossing the double yellow line on his motorcycle. Deputy Ferrell reported, in a DUI Information Sheet, that respondent had bloodshot eyes, slurred speech, an odor of alcohol on his breath, was unsteady when standing, and staggered while dismounting his motorcycle.[2] Deputy Ferrell administered

---

[1]While this case was pending before the Court, Patricia S. Reed replaced Steven O. Dale as Commissioner of the West Virginia Division of Motor Vehicles. Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the name of the current public officer has been substituted accordingly in this action.

[2]In the DUI Information Sheet, Deputy Ferrell noted that respondent admitted to "drinking 6 or 7 beers."

1

field sobriety tests to respondent, including the horizontal gaze nystagmus, walk-and-turn, and one-leg stand tests. Respondent reportedly failed each of the field sobriety tests. Based on these findings, Deputy Ferrell, placed respondent under arrest for driving under the influence of alcohol, and transported him to the local police department. At the police department, respondent was read the Implied Consent Statement and submitted to an Intoximeter test. The test result showed an initial reference standard blood alcohol content of .086. Respondent refused to submit to the follow-up Intoximeter tests. By order entered September 17, 2010, respondent's driver's license was revoked for driving under the influence and/or respondent's refusal to submit to the designated secondary chemical test.

Respondent (then appearing pro se) timely appealed petitioner's revocation order and an administrative hearing was scheduled to be conducted before the OAH. In completing the Hearing Request Form to formally request an administrative hearing, respondent checked the box on the form titled, "I request the investigating officer's attendance. By law, the DMV will subpoena the officer." On November 2, 2011, respondent (then represented by counsel) filed an additional request for hearing before the OAH. Together with the additional request, respondent submitted a letter specifically expressing respondent's intent to challenge the contents of the DUI Information Sheet, the field sobriety tests, and the implied consent procedures. Consequently, respondent contends it was necessary for the investigating officer to be subpoenaed at all scheduled hearings.

The administrative hearing was initially scheduled for January 28, 2011, but was continued at respondent's request. The hearing was reset for November 1, 2011, and a subpoena was issued to Deputy Ferrell requiring his appearance the rescheduled hearing. Deputy Ferrell failed to appear for the November 1, 2011, hearing, which was ultimately continued due to respondent's family "medical emergency."

The hearing was rescheduled for April 4, 2012, and Deputy Ferrell was again served with a subpoena. Without explanation, Deputy Ferrell failed to appear at the April 4, 2012, hearing. The April 4, 2012, hearing was convened, but the hearing examiner granted petitioner's request for a continuance of the hearing because the hearing examiner "could not determine if the [i]nvestigating [o]fficer was put on notice of the hearing . . . ."[3] At the hearing, the hearing examiner noted that "[a]ll documents contained in the Office of Administrative Hearings' file have been marked as Exhibit Nos. 1 through 16 for purposes of identification only."

The hearing was rescheduled again for August 9, 2012, and ultimately rescheduled to January 23, 2013. Deputy Ferrell was subpoenaed for the January 23, 2013, hearing, but again

---

[3]At a later hearing, petitioner's counsel represented that Deputy Ferrell did not attend the April 4, 2012, hearing because he had relocated to another county to work as a deputy sheriff, and had not received notice of the hearing.

failed to appear.[4] The hearing convened despite Deputy Ferrell's absence and petitioner moved to continue and reschedule the hearing. Respondent moved for a dismissal of the administrative action based upon the officer's failure to appear. Neither party requested that the hearing proceed without Deputy Ferrell and no testimony or other evidence was offered. At the conclusion of the January 23, 2013, hearing and in consideration of petitioner's motion to continue, the hearing examiner directed petitioner's counsel to submit "something in writing," within five days to advise of the reason for Deputy Ferrell's absence. The hearing examiner then further advised the parties that

> ". . . this is an old case and the next time it is scheduled it will go forward unless something happens where it can't be avoided. Someone is in the hospital or, you know, something serious like that, but the next hearing that is scheduled, we're going to go forward if the officer is here or not or the petitioner is here or not, we're going to go forward."

The hearing examiner then advised the parties that "this hearing will be in recess." On April 16, 2013, the OAH entered its Decision of Hearing Examiner and Final Order of Chief Hearing Examiner reversing the revocation of respondent's license to drive, and finding that petitioner did not prove, by a preponderance of evidence, that respondent drove a motor vehicle in West Virginia while under the influence of alcohol, or that respondent refused to submit to the designated secondary chemical test. In that order, the hearing examiner ruled that petitioner's counsel had been given five days to file a motion for an emergency continuance following the January 23, 2013, hearing but did not do so, and further that petitioner's counsel did not ask to proceed with the presentation of evidence at the January 23, 2013, hearing, despite Deputy Ferrell's absence. The hearing examiner noted that while the "DUI Information Sheet" was "submitted to the file" prior to the January 23, 2013, hearing, there was no proper foundation for its admission and, accordingly, it was not considered by the hearing examiner.

Petitioner filed a motion for reconsideration of the OAH's April 16, 2013, order challenging the OAH's refusal to consider the evidence "already in the [OAH] file" at the time of the January 23, 2013, hearing. The OAH denied petitioner's motion for reconsideration. By final order entered on March 14, 2014, the circuit court affirmed the decision of the hearing examiner. Petitioner now appeals the circuit court's March 14, 2014, final order.

The standard of review in appeals dealing with driver's license revocation proceedings is set forth in Syllabus Point 1 *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996):

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

---

[4]At the hearing, petitioner's counsel acknowledged that "Deputy Ferrell was noticed of today's hearing and subpoenaed to be present to testify. I do not have an explanation for his absence this morning . . . ."

3

In Syllabus Point 2 of *Shepherdstown Volunteer Fire Dep't v. State ex rel. State of W.Va. Human Rights Comm'n*, 172 W.Va. 627, 309 S.E.2d 342 (1983), this Court outlined statutory standards contained in West Virginia Code § 29A-5-4:

> Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, petitioner asserts two assignments of error. First, petitioner argues that the circuit court erred in affirming the OAH's reversal of the revocation of respondent's license to drive because the OAH failed to consider the documents contained within its file at the time of the January 23, 2013, hearing. Second, petitioner asserts that the circuit court erred in placing weight on the investigating officer's failure to appear at administrative hearings.

We begin our review of this case by examining the procedural framework for administrative hearings before the OAH. West Virginia Code § 17C-5A-2 provides, in part, that

> [w]ritten objections to an order of revocation or suspension [of a license to drive] . . . . shall be filed with the Office of Administrative Hearings. Upon the receipt of an objection, the Office of Administrative Hearings shall notify the Commissioner of the Division of Motor Vehicles, who shall stay the imposition of the period of revocation or suspension and afford the person an opportunity to be heard by the Office of Administrative Hearings. The written objection must be filed with Office of Administrative Hearings in person, by registered or certified mail, return receipt requested, or by facsimile transmission or electronic mail within thirty calendar days after receipt of a copy of the order of revocation or suspension or no hearing will be granted . . . . The hearing shall be before a hearing examiner employed by the Office of Administrative Hearings who shall rule on evidentiary issues. Upon consideration of the designated record, the hearing examiner shall, based on the determination of the facts of the case and applicable law, render a decision affirming, reversing or modifying the action protested. The decision shall contain findings of fact and conclusions of law and shall be provided to all parties. . . .

In *Crouch v. W.Va. Div. of Motor Vehicles,* 219 W.Va. 70, 631 S.E.2d 628 (2006) and *Dale v. Odum*, 233 W.Va. 601, 609, 760 S.E.2d 415, 423 (2014), this Court ruled that documents (such as statements of arresting officers) that are not typically admissible during

4

normal court proceedings are admissible in administrative hearings, and that there is no foundational requirement for the admission of these documents. We concluded in *Crouch* that

> [w]ithout a doubt, the Legislature enacted W.Va. Code § 29A-5-2(b) with the intent that it would operate to place into evidence in an administrative hearing "[a]ll evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself . . . ." W.Va. Code § 29A-5-2(b). Indeed admission of the type of materials identified in the statute is mandatory, as evidenced by the use of the language "*shall* be offered and made a part of the record in the case . . . ."

219 W.Va. at 76, 631 S.E.2d at 634.

In the case-at-bar, petitioner argues that the OAH failed to acknowledge or apparently consider any of the documents contained within its file at the time of the January 20, 2013, hearing. Under the limited circumstances of this case, we agree. The record in this matter indicates that documents (including the DUI Information Sheet) had been admitted during the proceeding held in this matter before the OAH on April 4, 2012.[5] Accordingly, we reverse the circuit court's March 14, 2014, order setting aside the Commissioner's revocation order, and remand this matter to the OAH with the direction to conduct an administrative hearing pursuant to West Virginia Code § 17C-5A-2.[6]

---

[5] The "index of documents" signed by the chief hearing examiner when the record of this matter was transferred to the circuit court reflects that the file includes "Exhibits 1-23 which were admitted during the April 4, 2012, proceedings before the [OAH]."

[6] We note the importance of the OAH's role as the fact finder. As this Court explained in *Modi v. W.Va. Bd. of Med.*, 195 W.Va. 230, 239, 465 S.E.2d 230, 239 (1995),

> findings of fact made by an administrative agency will not be disturbed on appeal unless such findings are contrary to the evidence or based on a mistake of law. In other words, the findings must be clearly wrong to warrant judicial interference. Accordingly, absent a mistake of law, findings of fact by an administrative agency supported by substantial evidence should not be disturbed on appeal.

(Citations omitted). We further note, as we recognized in *Crouch*, that even though a document is deemed admissible at an administrative hearing, under West Virginia Code § 29A-5-2(b), its contents may still be challenged during the hearing. 219 W.Va. at 76 n.12, 631 S.E.2d at 634 n.12. In conducting the administrative hearing, as required pursuant to West Virginia Code § 17C-5A-2, and providing respondent with an opportunity to present rebuttal evidence, the OAH will fulfill its important role as fact finder and determine the credibility of all of the evidence relevant to the revocation of respondent's license to drive, both documentary and testimonial.

Reversed and remanded with directions.

**ISSUED:** May 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6